UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Chambers of<br>**GEORGE L. RUSSELL, III**<br>United States District Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-4055 |

March 7, 2023

MEMORANDUM TO PARTIES RE:   <u>Jana James v. Prometric, LLC</u>
Civil Action No. GLR-22-2293

Dear Parties:

Pending before the Court is Plaintiff Jana James' Motion to Reopen Case. (ECF No. 22). The Motion is ripe for disposition, and no hearing is necessary. <u>See</u> Local Rule 105.6 (D.Md. 2016). For the reasons set forth below, the Court will deny the Motion.

Self-represented Plaintiff Jana James took two medical board exams at testing centers owned and operated by Defendant Prometric, LLC. (Compl. at 10, ECF No. 1). James was entitled to testing accommodations, including extra time, breaks, a separate testing area, and preferential seating. (<u>Id.</u> at 11). On her first test attempt on September 9, 2020, James alleges that Prometric initially denied her break time accommodations and then moved her to a new testing room. (<u>Id.</u> at 10). The new testing room adjoined the check-in area and the lockers, which caused James to experience "constant interruptions." (<u>Id.</u>). Prometric's proctor denied that the disruptions occurred and claimed that James had received her required accommodations. (<u>Id.</u>).

James took another exam at a Prometric Center on December 1, 2020. (<u>Id.</u>). There was a delay of three to five seconds each time a new question loaded. (<u>Id.</u>). James reported this to a proctor in the break room, who told her to inform the employee at the check-in desk. (<u>Id.</u>). However, no one was at the check-in desk, and James went back to her exam after waiting a few minutes. (<u>Id.</u>). Shortly thereafter, a proctor made James stop taking the exam, with the timer running, to complete the check-in process. (<u>Id.</u>). After checking in, James tried to finish her exam, but her time ran out and she failed. (<u>Id.</u>). Again, Prometric denied that any interruptions occurred. (<u>Id.</u>). James was dismissed from medical school as a result of her failure. (<u>Id.</u>).

On September 12, 2022, James filed her Complaint against Prometric alleging discrimination under the Americans with Disabilities Act ("ADA") and the Civil Rights Act of 1964. (ECF No. 1). She seeks injunctive relief in the form of Prometric's investigation into her tests and an admission of the interruptions. (<u>Id.</u> at 8). Prometric moved to dismiss the Complaint on December 9, 2022. (ECF No. 17). That same day, this Court notified James of her right to file an Opposition within twenty-eight days and she was forewarned that her Complaint could be dismissed if she failed to oppose the Motion. (ECF No. 19). On January 23, 2023, the Court still had not received an opposition from James, so it granted Prometric's unopposed Motion to Dismiss and closed the case. (ECF No. 21).

That same day, James filed the instant Motion to Reopen case. (ECF No. 22). In her

Motion, James also provides her late Opposition to the Motion to Dismiss. (Id.). Prometric filed its Opposition to James' Motion to Reopen on February 6, 2023 (ECF No. 24) and James did not file a reply.

Because James's Motion to Reopen asks the Court to reconsider its January 23, 2023 Order dismissing James' case, the Court will construe it as a motion to alter or amend under Federal Rule of Civil Procedure Rule 59(e). Rule 59(e) controls because James moved to alter or amend the judgment within twenty-eight days of the Court's Order. See Bolden v. McCabe, Weisberg & Conway, LLC, No. DKC-13-1265, 2014 WL 994066, at *1 n.1 (D.Md. Mar. 13, 2014).

Rule 59(e) authorizes a district court to alter or amend a prior final judgment. See Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 470 n.4 (4th Cir. 2011). A federal district judge's power to grant a Rule 59(e) motion is discretionary. Robison v. Wix Filtration Corp., LLC, 599 F.3d 403, 411 (4th Cir. 2010). In general, granting a motion for reconsideration "is an extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (quoting Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1, at 124 (2d ed. 1995)). Furthermore, "[a] motion for reconsideration is 'not the proper place to relitigate a case after the court has ruled against a party, as mere disagreement with a court's rulings will not support granting such a request.'" Lynn v. Monarch Recovery Mgmt., Inc., 953 F.Supp.2d 612, 620 (D.Md. 2013) (quoting Sanders v. Prince George's Pub. Sch. Sys., No. RWT-08-501, 2011 WL 4443441, at *1 (D.Md. Sept. 21, 2011)).

"Rule 59(e) motions can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." U.S. ex rel. Carter v. Halliburton Co., 866 F.3d 199, 210–11 (4th Cir. 2017) (quoting Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007)). With respect to the third factor, there must be more than simply a "mere disagreement" with a decision to support a Rule 59(e) motion. Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993). "A 'factually supported and legally justified' decision does not constitute clear error." Jarvis v. Berryhill, No. TMD-15-2226, 2017 WL 467736, at *1 (D.Md. Feb. 3, 2017) (quoting Hutchinson, 994 F.2d at 1081–82). As to the "manifest injustice" standard, courts focus on whether there was fairness in the administrative process or a denial of due process. Id. (citing Kasey v. Sullivan, 3 F.3d 75, 79 (4th Cir. 1993)).

In her Motion, James does not allege any of the three situations outlined above. She simply requests that the Court reopen her case because she is self-represented and was unaware that she needed to file an opposition to the Motion to Dismiss. (Mot. Reopen at 1, ECF No. 22). Nevertheless, the record clearly shows that the Court informed James of the twenty-eight-day response deadline, and it forewarned her that her case could be dismissed if she did not file a timely response. (Rule 12/56 Notice at 1, ECF No. 19). Although James is self-represented, pro se litigants are tasked with full compliance with all Court orders, as well as the Federal Rules and the Local Rules. See Diamond v. Bon Secours Hosp., No. WMN-09-865, 2010 WL 2696632, at *1, *5 (D.Md. July 6, 2010). Accordingly, the Court declines to reconsider its prior ruling dismissing James' case for failure to respond to the Motion to Dismiss. Indeed, James statement that she was "unaware" of the need to file an opposition could be construed as a misrepresentation to the Court, and it provides additional grounds not to reopen her case.

In the alternative, the Court finds that reopening James' case would be inappropriate because her claims would not survive a motion to dismiss. Regarding her claims under the Civil Rights Act, it appears that James did not exhaust her administrative remedies before filing suit, as required by federal law. See 42 U.S.C. § 2000a–3(c) ("[N]o civil action may be brought under subsection . . . before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority."). Further, James did not establish that Prometric is a "place of public accommodation," like a restaurant or hotel, such that it is subject to Title II of the Civil Rights Act. See 42 U.S.C. § 2000a(b) (providing examples "places of public accommodation").

Finally, even if James had followed administrative procedure and shown that Prometric was a place of public accommodation, her Civil Rights Act claims would still fail because she does not establish a prima facie case for discrimination. A plaintiff makes a prima facie case of discrimination in a place of public accommodation when she shows: 1) she is a member of a protected class; 2) she contracted for services from the defendant, a place of public accommodation, and was denied those services; 3) she met the defendant's requirements to receive services; and 4) similarly situated persons who were not members of the protected class were treated better. See Williams v. Staples, Inc., 372 F.3d 662, 667 (4th Cir. 2004).

Here, James does not even identify the basis of the alleged discrimination (race, disability, or sex) in her Complaint. (See Mot. Reopen at 1). Further, she pleads no facts to indicate that people without a disability, or people of a different gender or race, were treated better by Prometric.

As to her ADA claim, James lacks standing to pursue the requested injunctive relief because she does not allege a threat of future harm or discrimination. See Thomas v. Salvation Army S. Territory, 841 F.3d 632, 638 (4th Cir. 2016) ("Without [a] threat of future harm, [plaintiff] is not entitled to injunctive relief and thus has no valid claim."). James only seeks a review of Prometric's past conduct to remedy her dismissal from medical school – she does not ask the Court to prevent Prometric from discriminating against her in the future. (See Compl. at 8). Accordingly, her ADA claim for injunctive relief must fail.

For the foregoing reasons, the Court will not alter its January 23, 2023 Order closing this case. James' Motion to Reopen (ECF No. 22) is therefore DENIED and the Complaint (ECF No. 1) remains DISMISSED. The Clerk is directed again to CLOSE this case. Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

_____/s/_____
George L. Russell, III
United States District Judge